IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ATB MARINE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> AES PUERTO RICO, L.P., <br><br> Defendant and Third-Party Plaintiff, <br><br> v. <br><br> LOGISTEC GULF COAST LLC, <br><br> Third-Party Defendant. | Civil Action No. 24-922-GBW |

## **MEMORANDUM ORDER**

Pending before the Court is Defendant and Third-Party Plaintiff AES Puerto Rico L.P.'s ("AES") Motion for Leave to File their Second Amended Third-Party Complaint against Third-Party Defendants Duke Energy Florida, LLC ("Duke Energy"), Holcim (US), Inc. ("Holcim"), Logistec Gulf Coast LLC ("Logistec"), and Mosaic Global Sales, LLC ("Mosaic") (collectively, the "Commercial Entities") (D.I. 127), which has been fully briefed (D.I. 128, D.I. 129). Plaintiff ATB Marine, LLC ("ATB Marine") opposes the Motion on the grounds that it is untimely and futile.[1] D.I. 128. For the following reasons, the Court grants AES's Motion.

I.  **LEGAL STANDARD**

"Federal Rule of Civil Procedure 15(a)(2) provides that a district court should freely give leave [to amend] when justice so requires." *Talley v. Wetzel*, 15 F.4th 275, 286 n.6 (3d Cir. 2021)

---

[1] Current third-party defendant, Logistec, does not oppose the Motion.

(cleaned up). "Despite this liberal standard, leave to amend may be denied when there is undue delay, bad faith, dilatory motive, prejudice, [or] futility." *Id.* (quotation marks omitted); *see LaSpina v. SEIU Pa. State Council*, 985 F.3d 278, 291 (3d Cir. 2021). "Amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted." *Talley*, 15 F.4th at 286 n.6 (quotation marks omitted). "When assessing futility, the [d]istrict [c]ourt applies the same standard of legal sufficiency as [it] applies under Rule 12(b)(6)." *Id.* (quotation marks omitted).

Under Federal Rule of Civil Procedure 14(c)(1), if a plaintiff asserts an admiralty or maritime claim under Rule 9(h), then a defendant (or a person asserting rights under Supplemental Rule C(6)(a)(i)) may bring in a third-party defendant who may be "wholly or partly liable – either to the plaintiff or to the third-party plaintiff – for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 14(c)(1). Further, Rule 14(c)(2) provides that the third-party plaintiff may demand judgment in the plaintiff's favor against the third-party defendant, in which case the third-party defendant must defend against both the plaintiff's and the third-party plaintiff's claims as if directly sued by the plaintiff. *See* Fed. R. Civ. P. 14(c)(2).

## II.   DISCUSSION[2]

AES seeks leave to file its Second Amended Third-Party Complaint ("SATPC") pursuant to Federal Rules of Civil Procedure 14(a), 14(c), and 15(a)(2) to "implead additional Commercial Entities that contracted to use, used, and likely damage the Barge between October 3, 2019, and January 29, 2023." D.I. 127-3 at 1.

---

[2] The Court writes for the benefit of the parties and assumes familiarity with the case.

The Court notes that this action was properly designated as an admiralty or maritime claim under Rule 9(h), which governs the procedures for invoking the Court's jurisdiction. *See* Fed. R. Civ. P. 9(h). Rule 9(h) provides that, when a claim is identified as an admiralty or maritime claim, the special procedural rules applicable to admiralty actions – including Rule 14(c) – apply. *Id.*

AES's current third-party complaint asserts claims only against third-party defendant Logistec. The SATPC would bring similar claims against third-party defendants Duke Energy, Holcim, and Mosaic. D.I. 127-1. The SATPC alleges that these entities "chartered, utilized, loaded and unloaded the Barge at various times, both before, during and after the period August 13, 2018 through January 2023, for and involving the carriage of bulk cargoes consisting of, *inter alia*, coal, petcoke, limestone, and fertilizer." *Id.* ¶ 19. The SATPC further alleges that the entities "unloaded, or retained and employed stevedoring agents to unload, their cargoes using heavy equipment . . . and that this heavy equipment caused physical damage to the Barge during each unloading." *Id.* ¶ 20. Accordingly, AES contends that the claims arise from the same transaction or occurrence currently at issue in this case – damage to the Barge. D.I. 127-3 at 2. AES further contends that its request is timely because it could not have identified the entities or their involvement until there was responsive discovery and witnesses deposed. *Id.* at 3.

ATB Marine opposes AES's Motion. *First*, ATB Marine contends that it specifically identified the entities that AES now seeks to implead on June 5, 2025, and AES waited until November 25, 2025 to announce its intent to serve subpoenas on the entities. D.I. 128 at 1-2. ATB Marine further contends that, two weeks later, on December 11, 2025, AES stated its intention to seek leave to implead some of the entities as third-party defendants, which ATB Marine opposed. *Id.* ATB Marine contends that the Motion is untimely, and the addition of new parties would be "highly disruptive" and "derail the existing schedule." *Id. Second,* ATB Marine contends that

AES's request is futile because the third-party claims do not arise from the same transaction, occurrence, or series of transactions or occurrences. *Id.* at 3. ATB Marine contends that AES does not allege that any of the entities had contractual or legal relationships with AES, such that the entity would have any direct liability to AES. *Id.*

The Court grants AES's Motion for Leave to File their Second Amended Third-Party Complaint. First, while AES's request is after the scheduling order deadline, the Court finds that AES has demonstrated good cause. *See Premier Comp Sols., LLC v. UPMC,* 970 F. 3d 316, 319 (3d Cir. 2020) ("When a party moves to amend or add a party after the deadline in a district court's scheduling order has passed, the 'good cause' standard of Rule 16(b)(4) of the Federal Rules of Civil Procedure applies."). AES engaged in discovery, investigated, and sought ATB Marine's consent to file leave after the confirmation of certain entities was received through the deposition of ATB Marine's witness on December 11, 2025. In *Cordance Corp. v. Amazon.com, Inc.,* 255 F.R.D. 366, 374 (D. Del. 2009), the court granted a motion for leave to amend, where the defendant, who sought leave to amend, was provided with the information on which their amendment would be based during the depositions and diligently investigated the information. Similar to *Cordance,* AES pursued information, diligently investigated, and sought leave to amend once the information was confirmed. Thus, AES has shown good cause.

Second, the third-party claims are not futile. The claims within the SATPC arise from the same transaction or occurrence currently at issue in this case: damage to an ocean-going barge during the specified time period. It presents nearly identical questions of law and fact as those already implicated. Additionally, allowing impleader would promote efficiency, by obviating the potential need for AES to bring a separate action over the same factual issues. *See Wilson v. Beekman,* 198 F. App'x 239, 241 (3d Cir. 2006) ("In exercising its discretion, a district court is

well-advised to permit impleader if it will avoid circuity of action and eliminate duplication of suits based on closely related matters.")

Third, there is no indication, nor do the parties assert, that any bad faith or prejudice exists. The Court recognizes that additional third-party defendants may impact the current schedule. However, AES contends that its request for a two-month extension for discovery will not affect the trial date and associated pretrial filings (D.I. 126). Therefore, the Court also grants AES's request (D.I. 126) to extend the fact and expert discovery deadlines.

## III. CONCLUSION

For the foregoing reasons, the Court grants Defendant and Third-Party Plaintiff AES Puerto Rico L.P. ("AES") Motion for Leave to File their Second Amended Third-Party Complaint against Third-Party Defendants Duke Energy, Holcim, Logistec, and Mosaic (D.I. 127) and Defendant/Third-Party Plaintiff AES's Motion To Amend Scheduling Order and Extend the Fact and Expert Discovery Cut Off by Respectively Two Months (March 26, 2026 – August 14, 2026) (D.I. 126).

\* \* \* \* \*

WHEREFORE, at Wilmington this 18th day of February, 2026, **IT IS HEREBY ORDERED** that:

1. Defendant and Third-Party Plaintiff AES Puerto Rico L.P. Motion for Leave to File its Second Amended Third-Party Complaint (D.I. 127) is **GRANTED**;

2. Defendant/Third-Party Plaintiff AES's Motion To Amend Scheduling Order (D.I. 126) is **GRANTED**;

3. AES may file its Second Amended Third-Party Complaint by no later than February 20, 2026, and cause Third-Party Defendants to be served and;

4. The current trial date, pretrial conference date, *Daubert* motions date, and deadlines for other associated pretrial filings shall remain in effect unless and until further Order of the Court.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE